FREDERIC W. NEWTON AND ALS.

*versus*

FLANDERS NEWBEGIN AND ALS.

Where a creditor has done no act to excuse or waive a full compliance with the conditions of a poor debtor's bond within the six months, and where no act of God nor of the law has rendered performance impossible; the debtor must satisfy the justices that he is entitled to take, and must actually take the oath *within the six months*, in order to prevent a breach of this condition in the bond.

If the oath is not administered before a breach of the conditions of the bond the plaintiff will be entitled as damages to the whole amount due his execution, with interest and costs.

Where the jury adopted the true measure of damages when they should have been assessed by the court, the verdict will not be set aside on that account.

EXCEPTIONS to the rulings of GOODENOW, J., presiding at *Nisi Prius.*

This was an action on a poor debtor bond, given by the defendant, Flanders Newbegin, as principal, and the other defendants as sureties, to procure the release of the said Flanders Newbegin from arrest, on an execution issued on a judgment against him in favor of the plaintiffs.

The bond was executed on the second day of November, 1854. The defendants plead performance of the conditions of the bond by citing the creditors before two justices of the peace and quorum, and submitting himself to examination before them, and taking the oath in accordance with the provisions of the 148th chapter of the Revised Statutes.

At the trial it was proved and admitted that the defendant, Newbegin, duly cited the creditors to appear before two justices of the peace and quorum, on the first day of May, A. D. 1855, to attend his examination, that at the time and place aforesaid the said Newbegin appeared and submitted himself to examination on oath before two justices of the peace and quorum duly selected for that purpose; that the plaintiffs by their attorney also appeared, and proposed interrogatories in writing to the debtor, which were answered, signed and sworn to by him; that the said examination was pursued during the said first day of May, and the day following into the afternoon of said day, when the examination was completed, and the said Newbegin signed and made oath to the truth of his disclosure.

That the justices adjourned from the second to the third day of May, 1855, at which time they met according to adjournment, and having decided that the debtor was entitled to take the oath provided for in the 28th section of the 148th chapter of the Revised Statutes, then administered to him said oath.

The judge instructed the jury that if they found that the oath provided for in said 28th section was not administered till the third day of May, being the day after the six months from the execution of the bond had expired, and then the

adjournment from the second to the third day of May was not obtained on the request, act or procurement of the plaintiffs or their attorney, then there was a breach of the condition of the bond, and the plaintiffs would be entitled to recover the full amount of their execution, with interest and costs.

The jury returned a verdict for the plaintiffs for the full amount of their execution, with interest, and found that the said adjournment, from the second to the third day of May, was not made at the instance, request or procurement of the plaintiffs or their attorney.

To these instructions and rulings of the judge the defendants except.

*E. R. Wiggin*, counsel for the plaintiff.

*Goodwin & Fales*, counsel for the defendant.

MAY, J. This is an action of debt upon a poor debtor's bond in the usual form. It appears that the debtor undertook to comply with the condition, by taking the oath as required by law; and for that purpose duly cited the creditors to attend upon his disclosure at the office of Caleb R. Ayer, on the first day of May, 1855, this being the day next before the expiration of the bond; at which time and place he submitted himself to examination on oath before two justices of the peace and quorum, duly selected for that purpose. The plaintiffs, by their attorney, appeared and proposed written interrogatories to the debtor, which were answered, and such examination continued through that day, and until the afternoon of the next, when the debtor signed and made oath to his disclosure. Thereupon, without any request, act, or procurement of the plaintiffs, as the jury have found, and without any request or assent on the part of the debtor, so far as the testimony in the case discloses, the justices adjourned until the next day, being the day after the expiration of the bond, for advisement, when they met according to adjournment, and having decided that the debtor was entitled to take the

oath provided for in the 28th sec. of the 148th chap. of the R. S., they then administered to him the said oath.

The principal question submitted to our consideration and raised by the exceptions, is, whether upon the facts aforesaid this action can be maintained. In the case of Fales and al. v. Goodhue and al., 25 Maine R., 423, it is said by C. J. Whitman that " obligors in such bonds, to avoid the penalty, are bound to comply with one of the alternatives contained in the condition, unless prevented by the obligee, or the law, or the act of God, from so doing." In Longfellow and al. v. Scammon and al., 21 Maine R., 108, it was held that to comply with the statute, the oath prescribed must be taken before the close of the six months next after the giving of the bond; and the same doctrine is affirmed in the case of Fales and al. v. Goodhue and al., just cited. It is said, however, in the case of Moore v. Bond and al., 18 Maine R., 142, that " a strict performance is, in certain cases, excused. It is so, where the law interposes and prevents it, or the obligee, by his own act, occasions it." In this case it appeared that the justices adjourned from the day on which the bond expired to the next day, " at the request of the creditor, the debtor not objecting," when the oath was administered, and these facts were held to constitute a good defence to an action on the bond.

In the case of Call v. Barker and al., 27 Maine R., 97, it is said by the court, that, " if the creditor or his attorney does not lead the debtor or the justices into any illegal course of proceeding, but merely sits in silence and allows them to pursue their own course, the rights of the creditors cannot be considered as thereby waived or forfeited."

In the case of Fales and al. v. Goodhue, the oath was not administered until more than a month after the expiration of the bond, and it clearly appeared that the justices, having in their several adjournments, (contrary to the R. S., secs. 6 and 24) exceeded three days, in the whole, exclusive of the Lord's day, then had no jurisdiction in the matter. In Longfellow and al. v. Scammon and al. no attempt was made to

take the oath within the six months, the day first appointed for that purpose being after the expiration of the bond. These cases, it will be seen, differ from the case before us. In the latter, through the fault of the debtor, there was no compliance with the bond within the time; and in the other, through the fault of the justices, the oath was without legal effect, and if willfully false no punishment could be inflicted by law for the perjury. When the oath was taken it was *coram non judice*.

In the present case the justices had jurisdiction; their adjournment, but for the expiration of the bond, would have been in conformity with the the power expressly given them by statute; the debtor was, with reference to this alternative in the bond, apparently without any intentional fault, having done everything in regard to it which a prudent foresight would ordinarily suggest; and so far as the evidence has any tendency to show, the plaintiffs obtained, within the time limited by the condition, a full disclosure, on oath, of the debtor's estate and effects, and the disposal thereof, and of his ability to pay their debt; and the justices, after advisement upon such examination, saw nothing inconsistent with his taking the oath required by the statute, and they thereupon administered the same, but not until the next day after the bond had expired.

Do these proceedings excuse the debtor so as to exonerate him and his sureties from the penalty of their bond? We are reluctantly compelled to come to the conclusion that they do not. In cases where no act of God, nor of the law, has rendered performance impossible; and where the creditor has done no act on his part to excuse or waive a full compliance with the conditions of the bond *within the six months*, we think it is the duty of the debtor to satisfy the justices *within that time* that he is entitled to the benefit of the oath. If he cannot, upon his own statements under oath, and upon such evidence as he is permitted to offer, do that, and the justices are left in doubt until the bond expires, we cannot say that he has complied with the conditions

20

which he has stipulated to perform, even though it appear that the justices immediately after become satisfied and admit him to take the benefit of the oath. In such a case, to avoid the penalty, if he cannot pay the debt and costs, he must resort to the other alternative in the bond by delivering himself into the custody of the keeper of the jail until he shall be released from his imprisonment in conformity to law.

Whether he would be entitled to a release from imprisonment by the administering of such oath without a new citation and notice under the 21st section of the Revised Statutes, chapter 148, it is not necessary now to determine.

The oath not having been administered prior to a breach of the conditions of the bond, this case does not come within the provisions of the statute of 1848, chap. 85, sec. 2, in relation to damages, and the plaintiffs, therefore, will be entitled to the whole amount due on their execution with interest and costs. The damages, however, should by law have been assessed by the court, but as the jury have adopted the true measure, the defendants cannot suffer, and the verdict will not be set aside on that account. Howard v. Brown and al., 21 Maine R., 385.

*Exceptions overruled.*